**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. 14-170MJ |
| Plaintiff, | ) ) | **ORDER OF DETENTION** |
| vs. | ) ) | |
| Justin Dolan, | ) ) ) | |
| Defendant. | ) ) ) | |

In accordance with Title 18 U.S.C. § 3142 of the Bail Reform Act, a detention hearing was held in the above-captioned matter. The Court finds that the Government has established: (Check one or both, as applicable)

☐ by clear and convincing evidence, Defendant is a danger to the community and shall be detained pending trial.

☒ by a preponderance of the evidence, Defendant is a serious flight risk and shall be detained pending trial.

**PART I -- FINDINGS OF FACT**

☐ (1) There is probable cause to believe that Defendant has committed the following:

☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 *et seq.*, 951 *et seq.*, or 46 U.S.C. App. § 1901 *et seq.*

☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☐ an offense involving a minor victim prescribed in _____.

☐ (2) Defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings and the safety of the community.

**Alternative Findings**

☒ (1) There is a serious risk that Defendant will flee and no condition or combination of conditions will reasonably assure Defendant's appearance as required at future court proceedings.

☐ (2) No condition or combination of conditions will reasonably assure the safety of the community or others if Defendant were released from detention.

☐ (3) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror).

☐ (4) _____

**PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION**
(Check one or both, as applicable)

☐ (1) The Court finds that credible testimony and information submitted at the hearing establish by clear and convincing evidence as to danger that:

☒ (2) The Court finds by a preponderance of the evidence as to risk of flight that:

☒ Defendant has no significant contacts in the District of Arizona;

☐ Defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance;

☒ Defendant has a significant prior criminal history;

☐ Defendant has a record of failure(s) to appear in court as ordered;

☐ Defendant attempted to evade law enforcement contact by fleeing from law enforcement;

☐ Defendant is facing a minimum mandatory of _____ incarceration and a maximum of _____ if convicted;

☐ Defendant does not dispute the information contained in the Pretrial Services Report, and all supplements, if any, except:

_____

☒    In addition:
1. Defendant, age 32, is homeless and was sleeping in his Jeep for the two weeks before his arrest; 2. Defendant has been unemployed the last eight months and worked on and off for the prior five years: 3. Defendant has a history of mental health issues. He admits he would attend mental health counseling "as a way to get through a pending case and would say what he had in order to get through the case quicker," sealed doc. 7 at 3; 4. Upon his arrest, he tested positive by PTS for opiates, marijuana, benzodiazepines, amphetamines, and methamphetamines and admits to daily use of alcohol, heroin, meth-amphetamine, and marijuana, but claims he would be able to get clean on his own and does not need substance abuse treatment. 5. He has five prior felony convictions, beginning at age 18; 6. The Government has a very strong case against Defendant.

1 Despite the presumption of innocence, convictions are a certainty if the case is tried,
2 providing Defendant with significant motivation to flee the U.S. if he were released from
3 custody. *See United States v. Gentry*, 455 F.Supp.2d 1018, 1020 (D. Ariz. 2006)
4 ("[D]istrict court [may] consider possible punishment as an incentive for a defendant to
5 flee in assessing a defendant's risk of flight.") (citing *United States v. Townsend*, 897
6 F.2d 989, 995 (9th Cir. 1990)).
7    The Court incorporates by reference the findings of the Pretrial Services report and
8 all supplements, if any, which were reviewed by the Court at or before the time of the
9 hearing in this matter.

## PART III -- DIRECTIONS REGARDING DETENTION

11    **IT IS ORDERED** that Defendant is hereby committed to the custody of the
12 Attorney General or his/her designated representative for confinement in a corrections
13 facility separate, to the extent practicable, from persons awaiting or serving sentences or
14 being held in custody pending appeal. 18 U.S.C. § 3142(i)(2). Defendant shall be afforded
15 a reasonable opportunity for private consultation with defense counsel. 18 U.S.C. § 3142
16 (i)(3). Upon order of a court of the United States or request of an attorney for the Govern-
17 ment, the person in charge of the corrections facility shall deliver Defendant to the United
18 States Marshal Service for the purpose of an appearance in connection with a court
19 proceeding. 18 U.S.C. § 3142(i)(4).

## PART IV -- APPEALS AND THIRD PARTY RELEASE

21    **IT IS FURTHER ORDERED** that should a review of this detention order be
22 filed pursuant to 18 U.S.C. § 3145, it is the responsibility of the movant's attorney to
23 deliver a copy of the motion for review to U.S. Pretrial Services, at least, one day prior to
24 the review hearing set before the assigned District Judge. Pursuant to Rule 59(a), Fed.R.
25 Crim.P. (2010), a party seeking review shall have **fourteen (14) days** to file a motion for
26 review after being served with a copy of this written order, after the oral order is stated on
27 the record, or at some other time the assigned District Judge may set. Failure to timely file
28 a motion for review in accordance with Rule 59(a) may waive the right to review. Rule

1  59(a), Fed.R.Crim.P.

2  **IT IS FURTHER ORDERED** that the issue of detention may be reopened at any
3  time before trial upon a finding that information exists that was not known to the movant
4  at the time of the detention hearing and such information has a material bearing on the
5  issue whether there are conditions of release that will reasonably assure the appearance of
6  Defendant as required and the safety of any other person and the community. Title 18
7  U.S.C. § 3142(f).

8  DATED this 28th day of April, 2014.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge